1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12     FRANK J. FERNANDEZ,                    )
                                              )
13              Plaintiff(s),                 )          No. C 08-1266 CRB (PR)
                                              )
14        v.                                  )          ORDER OF SERVICE
                                              )
15     SUSAN RISENHOOVER, et al.,             )          (Doc # 2)
                                              )
16              Defendant(s).                 )
       _____   )

17

18          Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro

19     se civil rights complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1367 alleging

20     that prison medical and administrative appeal process officials inappropriately

21     denied his request for renewal of his extra mattress chrono for his lower-lumbar

22     degenerative joint disease.  Plaintiff claims that the inappropriate denial of his

23     request to renew the chrono amounted to deliberate indifference to serious

24     medical needs in violation of his Eighth Amendment rights and reckless

25     negligence in violation of state law.

26          Plaintiff has paid the requisite filing fee, but seeks leave to proceed in

27     forma pauperis under 28 U.S.C. § 1915 as to all other aspects of this litigation.

28     Good cause show, plaintiff's request (doc # 2) is GRANTED.

1

**DISCUSSION**

2  A.   Standard of Review

3        Federal courts must engage in a preliminary screening of cases in which

4  prisoners seek redress from a governmental entity or officer or employee of a

5  governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

6  claims or dismiss the complaint, or any portion of the complaint, if the complaint

7  "is frivolous, malicious, or fails to state a claim upon which relief may be

8  granted," or "seeks monetary relief from a defendant who is immune from such

9  relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

10  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

11        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

12  elements: (1) that a right secured by the Constitution or laws of the United States

13  was violated, and (2) that the alleged violation was committed by a person acting

14  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

15  B.   Legal Claims

16        Deliberate indifference to serious medical needs violates the Eighth

17  Amendment's proscription against cruel and unusual punishment.  See Estelle v

18  Gamble, 429 US 97, 104 (1976).  Liberally construed, plaintiff's allegations state

19  a cognizable claim for relief for deliberate indifference under § 1983, and for

20  medical negligence under California law, against the named defendants.  See id.

21        But to whatever extent plaintiff alleges that prison administrative appeal

22  process officials improperly screened out or canceled his administrative appeals,

23  said allegations fail to state a claim under § 1983 and are dismissed.  It is well-

24  established that there is no constitutional right to a prison administrative appeal

25  or grievance system, see Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003);

26  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and that a state's creation of a

27

28

2

1   prison administrative appeal or grievance system does not implicate a liberty

2   interest protected by the Due Process Clause, see Antonelli v. Sheahan, 81 F.3d

3   1422, 1430 (7th Cir. 1996); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.

4   1993).

**CONCLUSION**

5

6   For the foregoing reasons and for good cause shown,

7   1.    The clerk shall issue summons and the United States Marshal shall

8   serve, without prepayment of fees, copies of the complaint in this matter, all

9   attachments thereto, and copies of this order on the following defendants at PBSP

10  and the California Department of Corrections and Rehabilitation in Sacramento

11  ("CDCR"):  Susan Risenhoover, FNP (PBSP); Michael Sayre, MD (PBSP); C. E.

12  Wilber, CC II (PBSP); Joseph J. Kravitz, CC II (PBSP); Maureen McLean, FNP

13  (PBSP); R. Pimmentel, Captain (CDCR); and N. Grannis, Chief of Inmate

14  Appeals (CDCR).  The clerk also shall serve a copy of this order on plaintiff.

15  2.    In order to expedite the resolution of this case, the court orders as

16  follows:

17        a.    No later than 90 days from the date of this order, defendants

18  shall file a motion for summary judgment or other dispositive motion.  A motion

19  for summary judgment shall be supported by adequate factual documentation and

20  shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

21  include as exhibits all records and incident reports stemming from the events at

22  issue.  If defendants are of the opinion that this case cannot be resolved by

23  summary judgment or other dispositive motion, they shall so inform the court

24  prior to the date their motion is due.  All papers filed with the court shall be

25  served promptly on plaintiff.

26  /

27

28                                          3

1          b.      Plaintiff's opposition to the dispositive motion shall be filed

2    with the court and served upon defendants no later than 30 days after defendants

3    serve plaintiff with the motion.

4          c.      Plaintiff is advised that a motion for summary judgment

5    under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

6    case.  Rule 56 tells you what you must do in order to oppose a motion for

7    summary judgment.  Generally, summary judgment must be granted when there

8    is no genuine issue of material fact--that is, if there is no real dispute about any

9    fact that would affect the result of your case, the party who asked for summary

10   judgment is entitled to judgment as a matter of law, which will end your case.

11   When a party you are suing makes a motion for summary judgment that is

12   properly supported by declarations (or other sworn testimony), you cannot simply

13   rely on what your complaint says.  Instead, you must set out specific facts in

14   declarations, depositions, answers to interrogatories, or authenticated documents,

15   as provided in Rule 56(e), that contradicts the facts shown in the defendant's

16   declarations and documents and show that there is a genuine issue of material

17   fact for trial.  If you do not submit your own evidence in opposition, summary

18   judgment, if appropriate, may be entered against you.  If summary judgment is

19   granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

20   154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

21          Plaintiff is also advised that a motion to dismiss for failure to exhaust

22   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

23   case, albeit without prejudice.  You must "develop a record" and present it in

24   your opposition in order to dispute any "factual record" presented by the

25   defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

26   n.14 (9th Cir. 2003).

27

28                                            4

1            d.    Defendants shall file a reply brief within 15 days of the date

2    on which plaintiff serves them with the opposition.

3            e.    The motion shall be deemed submitted as of the date the

4    reply brief is due.  No hearing will be held on the motion unless the court so

5    orders at a later date.

6           3.    Discovery may be taken in accordance with the Federal Rules of

7    Civil Procedure.  No further court order is required before the parties may

8    conduct discovery.

9           4.    All communications by plaintiff with the court must be served on

10    defendants, or defendants' counsel once counsel has been designated, by mailing

11    a true copy of the document to defendants or defendants' counsel.

12           5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must

13    keep the court and all parties informed of any change of address and must comply

14    with the court's orders in a timely fashion.  Failure to do so may result in the

15    dismissal of this action under Federal Rule of Civil Procedure 41(b).

16    SO ORDERED.

17    DATED: August 20, 2008    _____

                       CHARLES R. BREYER

18                           United States District Judge

19

20

21

22

23

24

25

26

     G:\PRO-SE\CRB\CR.08\Fernandez1.serve.wpd

27

28                         5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANK J. FERNANDEZ,

        Plaintiff,

  v.

SUSAN RISENMOOVER et al,

        Defendant.

_____ /

Case Number: CV08-01266 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Frank J. Fernandez D-61222
D3-110
P.O. Box 7500
Crescent City, CA 95531

Dated: August 21, 2008

                        Richard W. Wieking, Clerk
                        By: Barbara Espinoza, Deputy Clerk